IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES J. "JIM" BELLER, as
Personal Representative of LARRY BELLER
and RITA BELLER, deceased, and TERRY
PFEIFER, as Personal Representaive of
EDWARD RAMAEKERS and ALICE
RAMAEKERS, deceased,

      Plaintiffs,

v.                                                Civil No. 02-1368 WPJ/LFJ (ACE)

UNITED STATES OF AMERICA, and
the BUREAU OF INDIAN AFFAIRS,

      Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed December 30, 2002 **(Doc. 2)**. This action arises from a fatal collision between a car in which Plaintiffs' decedents were traveling and a government pickup truck driven by Lloyd Larson ("Larson"), an employee of the Bureau of Indian Affairs ("BIA"). Larson was driving the BIA pickup truck in the wrong direction on Interstate 40. Subsequent to the head-on collision, Larson was determined to be operating the BIA truck while intoxicated.[1] As a result of the death of the Bellers and the Ramaekers, Larson was indicted on various criminal counts in the case styled *United States v. Lloyd Larson*, Criminal Case No. 02-208, United States District Court for the District of New Mexico. Larson pled guilty pursuant to a plea agreement

---

[1] The First Amended Complaint alleges that approximately two hours after the head-on collision, Larson's blood alcohol level was .205. If this allegation is true, then Larson was intoxicated at a level more than two and a half times the legal limit for operating a motor vehicle under New Mexico law.

and is now serving a lengthy prison sentence.

The collision occurred within the boundaries of an Indian reservation near Albuquerque, New Mexico. The Amended Complaint asserts claims brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.§§ 1346(b), 2671-2680: wrongful death (Count I); Negligent Entrustment of a Motor Vehicle to Lloyd Larson (Count II); Negligent Hiring, Retention, Training and Supervision (Count III) and Request for a Preliminary and Permanent Injunction Against the BIA (Count IV).[2]

On ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true. Dewell v. Lawson, 489 F.2d 877, 879 (10th Cir. 1974). The question is not whether plaintiff will ultimately prevail but whether the allegations entitle plaintiff to offer evidence to support its claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. American Home Assur. Co. v. Cessna Aircraft Co., 551 F.2d 804, 808 (10th Cir. 1977).[3]

**Background**

The complaint alleges that Larson, having consumed between eight and eleven beers during the two hours preceding the collision, entered the eastbound lanes of Interstate 40 driving in the wrong direction, and within seconds nearly struck head-on a state police vehicle driven by

---

[2] Relief requested under this Count is a "permanent policy" prohibiting BIA employees with drinking problems or recent DWI convictions from driving or being assigned a government vehicle and the requirement that BIA conduct background investigations into state and tribal driving records of BIA employees.

[3] Each Plaintiff has submitted a response. Also, Plaintiffs have submitted Rule 56(f) affidavits, in order to counter Defendants's attachment of certain exhibits, as well as to respond to Defendant's position that the act committed by Lloyd Larson was intentional. These affidavits turn out to be unnecessary, given the disposition of this motion.

Officer Valverde. Officer Valverde activated his lights, siren and videotape, turned his vehicle around and chased Larson's vehicle, trying to get his attention and make him stop. Before finally striking the car occupied by Plaintiffs' decedents, Larson "encountered and nearly struck" thirty-seven other eastbound vehicles. According to the complaint, Larson had a blood alcohol level of .205 when he was tested about two hours after the collision. He had been convicted previously of driving while intoxicated ("DWI") on four occasions and arrested for DWI on five others.

*BIA as proper Defendant under the FTCA*

Defendants contend that BIA is not a proper defendant under the FTCA, and further contend that the FTCA does not grant jurisdiction for Plaintiffs to obtain requested injunctive relief. Defendants are correct that the United States is the only proper defendant in an FTCA action. Oxendine v. Kaplan, 241 F. 3d 1272, 1274 n. 4 (10th Cir. 2001) (citing United States v. Smith, 499 U.S. 160, 167 n. 9 (1991) and Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990)); Clark v. U. S., 481 F.Supp.1086, 1099 (S.D.N.Y.1979)(FTCA authorizes suit against the United States only and not against federal agencies in their own name).

This is not to say, however, that government liability cannot be premised on torts committed by BIA employees, since BIA is a federal agency.[4] See e.g., Red Elk et al. v. U.S., 62 F.3d 1102, 1103 n. 1 (8th Cir. 1995) (United States named as defendant in FTCA claim, for tort committed by employee of BIA, a "federal agency" for purposes of the Act); Marlys Bear Medicine v. et al. v. U.S., 241 F.3d 1208, 1212 (9th Cir. 2001) (action filed against United States, "as represented through the BIA"); St. John v. U.S., 240 F.3d 671 (8th Cir. 2001) (FTCA based

---

[4] "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States. 28 U.S.C. §2671.

on abuse of authority by BIA police officer); see also Holloman et al. v. Watt et al., 708 F.2d 1399, 1401 (9th Cir. 1983)(waiver of sovereign immunity not available to plaintiff where administrative claim not filed with BIA as appropriate federal agency).

Naming the proper defendant is a jurisdictional prerequisite to asserting a claim under the Federal Torts Claims Act. Denney v. U.S. Postal Service, 916 F.Supp. 1081, 1082 (D.Kan.1996). In this case, however, improperly naming BIA as a party is not fatal to Plaintiffs' action or to this Court's jurisdiction, since the United States is a named party. Cmp. Denney, 916 F.Supp.at 1081(United States Postal Service was not proper defendant in personal injury action brought pursuant to Federal Tort Claims Act (FTCA) (court lacked subject matter jurisdiction where plaintiff named the United States Postal Service as the only defendant). Moreover, Plaintiffs offer to file a second amended complaint, substituting the BIA with the name of the current head of the Department of the Interior or the Bureau of Indian Affairs. The Court will allow Plaintiffs to do so.

Plaintiffs' bigger problem is the lack of a statutory basis for injunctive relief, since the FTCA provides only for "money damages". Birnbaum v. United States, 588 F.2d 319, 335 (2d Cir.1978); Talbert v. U.S. et al., 932 F.2d 1064, 1065 (4th Cir. 1991); Palm et al v. U.S. et al., 835 F.Supp. 512 (N.D.Calif. 1993) (claims for injunctive relief under Federal Tort Claims Act (FTCA) are improper, since FTCA provides federal court jurisdiction for civil claims against United States for money damages exclusively).[5] Plaintiffs appear to acknowledge this problem,

---

[5] The FTCA provides that district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for *money damages* . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U. S. C. § 1346( b) (emphasis added). Terms and conditions set out in the FTCA are to be strictly construed. Block v. North

since they also request, and will be granted, the Court's permission to include in an amended complaint the addition of a statutory basis for jurisdiction over the claims for injunctive relief.

*Allegations of Intentional Tort*

The main thrust of Defendants' motion to dismiss is an attempt to characterize Larson's acts as intentional, which would take his conduct (and thereby, Plaintiffs' claims) out of the purview of the FTCA. Defendants argue that the egregiousness of Larson's conduct constitutes a "battery" which is characterized as an intentional act under its traditional and commonly understood legal definition. Defendants contend that, regardless of how Plaintiffs frame the claims in the complaint, the Court should look at the true nature of the asserted claims. See Benavidez v. U.S., 177 F.3d 927, 931 (10th Cir. 1999)(mere allegation of negligence does not turn an intentional tort into negligent conduct) (citations omitted). Plaintiffs maintain that it is premature to determine whether Larson's conduct was intentional, and that further discovery is necessary to make that determination.[6] They also point out that allegations in the complaint are not based primarily on Larson's conduct, but rather, the negligence of Larson's superiors at BIA who knew of Larson's past DWI's but allowed him to continue using a government vehicle.

I agree with Plaintiffs that the question relating to the nature of any claims against Larson is premature. Further, Plaintiffs' Rule 56(f) affidavit requesting further discovery before the Court determines whether the alleged conduct was negligent or intentional, is not necessary. The complaint specifically alleges claims of negligence against Larson's BIA "supervisors and

---

Dakota, 461 U. S. 273, 287 (1983); Vigil v. United States, 293 F. Supp. 1176, 1181 (D. Colo. 1968), aff'd., 430 F.2d 1357 (10th Cir. 1970).

[6] Plaintiffs describe this needed discovery information as statements from witnesses having interaction with Larson shortly before the accident, such as Larson himself, personnel who worked at the grocery store where Larson stopped minutes before he entered the Interstate and crashed into Plaintiffs' vehicle, and Officer Valverde.

employees."[7]  Therefore, Defendants cannot prevail on the issue of whether this Court lacks jurisdiction over Plaintiffs' claims under the FTCA.[8]

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction **(Doc. 2)** is DENIED IN PART and GRANTED IN PART, as set forth above;

**IT IS FURTHER ORDERED** that Count IV of the First Amended Complaint ("Request for a Preliminary and Permanent Injunction Against the BIA") is hereby DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that the BIA is DISMISSED as a named party as presently represented in the caption of this case;

**IT IS FINALLY ORDERED** that Plaintiffs shall be allowed to file a second amended complaint within **thirty (30)** days from the entry of this Memorandum Opinion and Order so that Plaintiffs can (1) substitute an appropriately named BIA or Department of the Interior official(s) as a party and (2) have an opportunity to allege a statutory basis for this Court's jurisdiction over the claims for injunctive relief.

_____
UNITED STATES DISTRICT JUDGE

---

[7] The complaint names John Lovejoy and Jimmy Martinez in this capacity. Complaint, ¶ 56.

[8] As Plaintiffs point out, even if Larson's conduct was determined to be intentional acts, that determination still would not bar Plaintiffs' claims under the FTCA under Sheridan v. U.S., 487 U.S. 392, 400-03 (1988). Instead, the claims are directed at the negligence of BIA employees in allowing the incident to occur.