IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES J. "JIM" BELLER, as Personal Representative of
LARRY BELLER and RITA BELLER, deceased,
and TERRY PFEIFER, as Personal Representative of
EDWARD RAMAEKERS and ALICE RAMAEKERS,
deceased,
        Plaintiffs,

  vs.                                               No. CIV 02-1368 RLJ/LFG

The UNITED STATES OF AMERICA, and
AURENE M. MARTIN, Acting Assistant Secretary
of Indian Affairs,

        Defendants.

## AMENDED MEMORANDUM OPINION AND ORDER
## DENYING REQUEST FOR DISCLOSURE OF PRESENTENCE REPORT[1]

THIS MATTER is before the Court on an Unopposed Motion for Disclosure of Presentence Report [Doc 131], filed herein by Plaintiff Terry Pfeifer (referred to hereinafter as "Plaintiffs," in keeping with movant's nomenclature).

The motion is labeled "unopposed," and Plaintiffs state that defendant United States, which has acknowledged through counsel that it has a copy of the presentence report at issue, takes the position that it does not object to disclosure of the report under certain conditions. However, the presentence report was prepared by an arm of the Court, for use by the Court in handing down a just sentence in a criminal case. Even assuming Defendant legitimately has possession of a copy of the

---

[1] This Amended Memorandum Opinion and Order is filed to correct the caption so as to conform to the February 12, 2003 Memorandum Opinion and Order [Doc. 28], granting Defendant's motion to dismiss the Bureau of Indian Affairs as a party herein and allowing Plaintiffs to file a Second Amended Complaint, substituting the BIA with the name of the current Acting Assistant Secretary of Indian Affairs. No other changes have been made to the original Memorandum Opinion and Order. The parties are reminded to submit all future pleadings with the correct party names.

report, the report is not Defendant's to disclose or conceal as it wishes.

Rather, this Court has an independent duty to determine whether disclosure of the presentence report under the circumstances of this case would serve the ends of justice. The Court finds that it would not, and the motion will be denied.

Facts and Contentions

Plaintiffs bring suit against the United States, seeking damages and injunctive relief for wrongful death. Plaintiffs allege that their decedents were killed in an collision with a truck driven by Bureau of Indian Affairs employee Lloyd Larson ("Larson"), who was drunk at the time of the collision. Plaintiffs contend that the defendants, as Larson's employers, were aware of his long history of arrests and convictions for driving while intoxicated and of suspension and revocation of his driver's license, but they nevertheless continued to allow him to drive a government vehicle in the course of his employment. Plaintiffs assert liability under theories of *respondeat superior,* negligent entrustment, and negligent hiring, training and supervision. *See*, Plaintiff's Second Amended Complaint [Doc. 30].

Plaintiffs served Requests for Production on Defendant United States. The Request for Production at issue is not attached to the Motion, but Plaintiffs assert that the Request sought the entire file, excluding work product, compiled by the United States Attorney in the prosecution of Larson. In their Motion, Plaintiffs state that United States counsel has a copy of Larson's presentence report and that the United States will not object to disclosure of the report, provided that disclosure is made to all parties in the action, and that Larson (who is not a party) is given notice of the request. Plaintiffs certify that they have given notice of the motion to Larson. Neither the Defendant nor Larson has as yet filed any response to this Motion, but the Court finds that no

response is necessary.[2]

The presentence report was created, not for the general use of the United States Attorney's Office, but rather was prepared by the probation office, an arm of the judiciary, for use by the Court in sentencing proceedings, which of course are distinct and separate from the current civil action. The report was disclosed to the United States Attorney's office under the provisions of Fed. R. Crim. P. 32(e)(2), which requires that Larson's probation officer give the report to the defendant, the defendant's attorney, and an attorney for the government, prior to sentencing; and the provisions of D.N.M.LR-Crim. 32.1(e), which requires disclosure of presentence reports to defense counsel and to the attorney for the government, "for the purpose of enabling them to carry out their official duties."

In an earlier version, Fed. R. Crim. P. 32 required that the parties to whom a presentence report was disclosed, including the attorney for the government, return all copies of the report to the defendant's probation officer immediately following imposition of sentence. That provision is no longer in the Rule, but the reasons for confidentiality remain present. The Court takes judicial notice that Larson has already been sentenced and his criminal case terminated.[3] The Court further presumes that, because there is no formal requirement that the report be returned, as in the earlier version of Rule 32, the report has simply been kept on file in the United States Attorney's Office (presumably in its criminal division), and that this is the basis for the government's representation that it has a copy of the presentence report. The Court has not been informed as to whether the report was transferred

---

[2]Larson is incarcerated at a federal correctional facility as a result of his criminal conviction arising out of the conduct which gave rise to this lawsuit.

[3]Larson appealed his sentence and that appeal is pending before the Tenth Circuit.

to the U.S. Attorney's civil division, nor whether the attorneys representing Defendants in this case have read the report.

## Discussion

Federal probation officers are charged with the duty of conducting presentence investigations in criminal cases and preparing a report to be submitted to the sentencing judge. Fed. R. Crim. P. 32; 18 U.S.C. § 3552. There is no statutory provision or court rule prohibiting disclosure of such reports to third persons. United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976); United States v. Charmer Indus., Inc., 711 F.2d 1164 (2d Cir. 1983). However, it has been almost universally held that, because these reports are prepared exclusively at the direction and for the benefit of the court in a criminal case, as an aid in arriving at the proper sentence, "[i]t is essential that the confidentiality of such a report be protected to insure the free flow of information." United States v. Dingle, 546 F.2d 1378, 1381 (10th Cir. 1976).

> Both the entire thrust of Rule 32(c) and our local Criminal Rule 2.07, and the policies they both serve, make plain the need for such confidentiality. We judges would break faith with defendants, whom we uniformly urge to cooperate with and make full disclosure to the Probation Office to assist us in our sentencing decisions, if we opened the reports up to public scrutiny.

Board of Education v. Admiral Heating and Ventilation, Inc., 513 F. Supp. 600, 605 (N.D. Ill. 1981).

"The history of Rule 32(c) reflects a longstanding judicial view that confidentiality should be maintained." United States v. Charmer, *supra*, at 1173. In United States v. Corbitt, 879 F.2d 224, 229 (7th Cir. 1989) the Seventh Circuit noted, "It is clear that presentence reports have traditionally been confidential – indeed, it is only in the past 25 years that the *defendant* has had access to the presentence report, either as a discretionary matter or as of right."

The Corbitt court examined the presumption of confidentiality in some detail, and listed a number of factors justifying the secrecy of presentence reports, including privacy interests of the defendant, the defendant's family, the victim, and others; the "substantial interest" of the sentencing court in obtaining all information relevant to the sentencing decision, and the probability that disclosure of the report would tend to discourage the defendant and other sources from communicating information freely, thus reducing the information available to the sentencing court and adversely effecting future presentence investigations; and the government's interest in maintaining confidentiality of the identity of informants and of grand jury proceedings. Id., at 229-235.

> Both parties agree that in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals . . . As the Government points out, one reason for this is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report . . . A second reason is the need to protect the confidentiality of the information contained in the report. Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report.

United States Dept. of Justice v. Julian, 486 U.S. 1, 12, 108 S. Ct. 1606, 1613 (1988).

The Plaintiffs in this case are "third parties" to the criminal proceedings involving Larson. While the decedents were the victims of the crime Larson committed, the criminal proceedings are prosecuted in the name of and on behalf of the United States. The Plaintiffs in this case are not parties to the criminal proceedings, even though their interests were considered by the sentencing judge, and they were allowed to speak at the sentencing hearing.

The issue of disclosure to third parties often arises in criminal cases when defendants seek access to the presentence reports of their co-defendants, or other government witnesses, for

5

impeachment purposes. While noting that there may be instances where such disclosure might be vital to the defense, the courts almost never allow it. *See, e.g.*, United States v. Evans, 454 F.2d 813, 820 (8th Cir. 1972) ("Such a claimed right is contrary to public interest as it would adversely affect the sentencing court's ability" to obtain complete information); United States v. Greathouse, 484 F.2d 805 (7th Cir. 1973); United States v. Walker, 491 F.2d 236 (9th Cir. 1974); United States v. Figurski, *supra*; United States v. Dingle, *supra*, at 1381 (the Tenth Circuit, quoting from another case, says such production "would . . . seriously hamper and handicap the probation investigation system"); United States v. Cyphers, 553 F.2d 1064, 1069 (7th Cir. 1977) (noting "the critical importance of maintaining the confidentiality of presentence reports); United States v. Martinello, 556 F.2d 1215, 1216 (5th Cir. 1977) ("Presentence reports are not public records but rather confidential reports to the trial judge for use in his effort to arrive at a fair sentence"); United States v. Anderson, 724 F.2d 596, 598-99 (7th Cir. 1984) ("[a broad] disclosure requirement . . . would upset the delicate balance underlying Rule 32(c)(3). Confidentiality of presentence reports is vitally important to the efficacy of the sentencing process"); United States v. Jackson, 876 F. Supp. 1207, 1208 (D. Kan. 1994) (defendant's asserted need to examine a codefendant's presentence report to verify for himself that the codefendant had not been treated more leniently "is not enough to disturb the confidentiality protecting Garcia's presentencing report"); United States v. Hart, No. 94-1005, 1995 WL 445685, at *8 (10th Cir. July 28, 1995) ("we agree with the district court that the 'extremely marginal relevance' of that information 'is considerably outweighed by the considerations of confidentiality'"); and United States v. Ventura, No. 96-2148, 1997 WL 774750, at *2 (10th Cir. Dec. 17, 1997) ("Concerns about preserving the confidentiality of PSRs, however, weight against disclosure of the report to a third party other than defendants who are the subjects of the report or their counsel").

On the same reasoning, courts have also disallowed, or placed sharp restraints on, disclosure of presentence reports to the news media. *See, e.g.*, United States v. Boesky, 674 F. Supp. 1128, (S.D.N.Y. 1987):

> The reason for this policy [*i.e.*, the "universal practice" of maintaining confidentiality of presentence reports] is not capricious. It is to protect the confidentiality of those furnishing information to the Probation Officer who makes up the presentence report, thereby encouraging the frankness of informants, and the availability of such information.

*See also*, United States v. Corbitt, *supra,* wherein the court sent the case back to the trial judge to decide whether a presentence report should be released to the news media, applying a standard of "compelling, particularized need." The court noted that "the discretionary decision whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question . . . [and] third-party access to a presentence report should be an infrequent occurrence." Id., at 228, 237 (internal punctuation omitted).

In cases such as the present, where presentence reports are sought by litigants in civil proceedings related to the criminal case for which the report was prepared, the courts are extremely reluctant to allow disclosure, and thus require the requesting parties to meet very high standards in showing their need for the material.

The Plaintiffs' request and the government's response in the present case are similar in many respects to Hancock Brothers, Inc. v. Jones, 293 F. Supp. 1229 (N.D. Cal. 1968). That case was a civil action in which the plaintiffs sought disclosure of a presentence report prepared on a corporation which pled guilty to violations of the Sherman Act. The corporation was facing a civil suit arising from the same conduct which formed the basis for the criminal prosecution. The United States, while

seeking to quash the subpoenas for the reports, stated that it would nevertheless have no objection to making some of the material part of the public record.

The court quashed the subpoenas, utilizing the same standard as that applied to grand jury materials, *i.e.*, that disclosure would be proper "[o]nly if a compelling necessity has been shown with particularity." Id., at 1232. The court found that the plaintiffs sought the materials basically for "the avoidance of expense and additional work," and refused the request, noting that "[m]ere convenience is not enough to encroach upon the secrecy" of such materials. Id. Also applying the "particularized need" standard in a similar Sherman Act case with parallel civil/criminal proceedings, the court in Board of Education v. Admiral Heating and Ventilation, Inc., *supra*, refused to allow plaintiffs access to the defendant's presentence reports.

So, too, here. While the Court appreciates that the production of a presentence report could facilitate the preparation of Plaintiffs' case, that is not sufficient to justify disclosure, especially when virtually everything in the presentence report is available from other sources.

The court in United States v. Krause, 78 F.R.D. 203, 204 (E.D. Wis. 1978) refused to allow a judgment creditor of the defendant in a federal criminal case to have access to the defendant's presentence report, where the stated reason was to help the creditor execute on the state court judgment. The court noted that "[d]isclosure of such reports in civil proceedings could be justified, if at all, by only the most compelling reasons." In the present case, no compelling reason has been advanced.

And in United States v. Charmer Indus., Inc, *supra*, the court applied the standard for disclosure of grand jury materials and found no "compelling need for disclosure to meet the ends of justice," noting as it did so that "[i]n most cases, in a variety of circumstances, . . . courts have found

8

disclosure unwarranted." Id., at 1173.

This Court will follow the vast majority of courts which have considered this issue, as well as our own Local Rule, D.N.M.LR-Crim. 32.1(b), and require that in light of the strong presumption of confidentiality, a party seeking access to another's presentence report must make a particularized showing of compelling need. The movant has not made such a showing in this case.

Plaintiffs' asserted basis for seeking Larson's presentence report is that it is likely to lead to discovery of admissible evidence, containing as it presumably does information on Larson's criminal history, family history, statements made to his probation officer, and background information gathered by the probation officer as to his personal history and habits. Plaintiffs argue that this information is relevant to their claim that "the Bureau of Indian Affairs had ready access to the same sort of information compiled by the Probation Department, but failed to prevent Mr. Larson from driving a government car." They also argue that information in the report is relevant to their assertions that the BIA allowed Larson to continue to drive a government vehicle in spite of their knowledge that he had problems with alcohol and was a risk to the public, and that the report may contain information as to Larson's marital status.

While the report may well contain information relevant to Plaintiffs' case against the United States, that is not sufficient to overcome the strong presumption of confidentiality. The fact that Larson's probation officer, in the course of his work as an officer of the court and in the context of a criminal proceeding, may have been able to obtain information from and about Larson, does not tend to show that the BIA could have obtained the same sort of information about one of its employees. This is not a suit against the probation office, and the issue is not what the probation officer knew, but rather what the BIA knew. Larson's presentence report is not Plaintiff's only

9

source of information as to what the BIA knew or should have known.  Nor is it the only source of information as to Larson's marital status.

In short, Plaintiffs have failed to establish a particularized, compelling need to examine Larson's presentence report, beyond the ordinary justifications for discovery in a civil suit.  But "[p]roof of mere relevance, economy, and efficiency will not suffice."  United States v. Charmer Indus., *supra*, at 1176.  The Court's interest in maintaining the confidentiality of a presentence report sufficiently outweighs Plaintiffs' need for this document, especially in light of the fact that discoverable information is otherwise available from non-confidential sources.

Order

IT IS HEREBY ORDERED that Plaintiffs' Unopposed Motion for Disclosure of Presentence Report [Doc 131] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge