IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES J. "JIM" BELLER, as
Personal Representative of LARRY BELLER
and RITA BELLER, deceased, and TERRY
PFEIFER, as Personal Representative of
EDWARD RAMAEKERS and ALICE
RAMAEKERS, deceased,

        Plaintiffs,

v.                                               Civil No. 02-1368 WPJ/LFJ (ACE)

UNITED STATES OF AMERICA, and
the BUREAU OF INDIAN AFFAIRS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' Claims for Injunctive Relief, filed April 21, 2003 **(Doc. 46)**.  This civil action arises from a fatal "head-on" vehicular collision involving a Cadillac sedan driven by Larry Beller and occupied by Rita Beller, Edward Ramaekers and Alice Ramaekers, and a United States Government owned Dodge Dakota pickup truck driven by Lloyd Larson ("Larson").

### Factual and Procedural History

On January 24, 2002, Larry Beller and Rita Beller, husband and wife (the "Bellers"), and Bud Ramaekers and Alice Ramaekers (the "Ramaekers"), husband and wife, were heading east on Interstate 40 returning home to Nebraska from a vacation.  Larson, at the time of the fatal vehicular collision, was an employee of the Bureau of Indian Affairs ("BIA"), an agency of the United States Government, and was driving a Dodge Dakota government owned pickup truck.

Around 1:45 p.m., Larson drove his BIA pickup truck onto Interstate 40.  Although Larson was headed westbound, he was driving his BIA pickup the wrong way in the eastbound interstate traffic lanes.  After nearly colliding with numerous vehicles, Larson crashed head-on with the Cadillac killing the Bellers and the Ramaekers.  The collision occurred within the boundaries of an Indian Reservation near Albuquerque, New Mexico.  Larson survived the crash and, approximately two hours later, his blood alcohol level was determined to be .205, more than two and a half times the legal limit for operating a motor vehicle under New Mexico law.

As a result of the death of the Bellers and the Ramaekers, Larson was indicted on various criminal counts in the case styled *United States v. Lloyd Larson*, Criminal Case No. 02-208, United States District Court for the District of New Mexico.  Larson pled guilty pursuant to a plea agreement and was sentenced by U. S. District Judge C. Leroy Hansen to 240 months or 20 years in the custody of the U. S. Bureau of Prisons.[1]

This civil proceeding was filed by James J. "Jim" Beller, as personal representative of the Bellers, and by Terry Pfeifer, as personal representative of the Ramaekers ("Plaintiffs").  The Second Amended Complaint asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.§§ 1346(b), 2671-2680: Wrongful Death (Count I); Negligent Entrustment of a Motor Vehicle to Lloyd Larson (Count II); and Negligent Hiring, Retention, Training and Supervision (Count III).  In Count IV, Plaintiffs request a Preliminary and Permanent Injunction against the BIA.  Specific relief requested under Count IV is a "permanent policy" prohibiting BIA

---

[1] The Court takes judicial notice of the criminal case styled: <u>United States v. Lloyd Larson</u>, CR-02-208, United States District Court for the District of New Mexico.  In particular, the Court takes judicial notice of Defendant's plea hearing including the factual basis in support of Defendant's guilty plea.

employees with drinking problems or recent DWI convictions from driving or being assigned a government vehicle, and a mandatory requirement that BIA conduct background investigations into state and tribal driving records of BIA employees. The present motion addresses only Plaintiffs' claims for injunctive relief.

Plaintiffs' Second Amended Complaint contains several pages of allegations regarding Larson's history of alcohol abuse and history of alcohol related offenses alleged to have been known by BIA supervisors that if true, leads the average citizen to ask the simple question "why on earth was Larson operating a motor vehicle, let alone a government owned BIA pickup truck?" Additional allegations by Plaintiffs in their Second Amended Complaint, if true, suggest that numerous other BIA employees have alcohol problems and/or convictions for alcohol related offenses, that said employees with alcohol problems and/or convictions for alcohol related offenses continue to drive government owned vehicles, and that the BIA has not and will not take the necessary steps to prevent these allegedly impaired employees from driving government vehicles with the potential for causing death or injury of innocent persons.

In a previous Memorandum Opinion and Order, Plaintiff was afforded an opportunity to amend the First Amended Complaint to allege a statutory basis for injunctive relief.[2] The Second Amended Complaint now asserts 5 U.S.C. § 702 of the Administrative Procedure Act ("APA") as the jurisdictional basis for injunctive relief. Defendants contend that § 702 is not sufficient to confer federal subject matter jurisdiction over Plaintiffs' claims for injunctive relief and move for

---

[2] The Federal Tort Claims Act provides only for "money damages." See Mem. Opin and Order, February 12, 2003, at 4 n.5 (Doc. 28).

dismissal of these claims under Fed.R.Civ.P. 12(b)(1) and 12(h).[3]  Having considered the parties' briefs and the applicable law, and for the reasons which follow, regrettably I must find and conclude that Defendants' Motion is well taken and shall be granted, as the Court does not have jurisdiction to grant the injunctive relief requested in Count IV of the Second Amended Complaint.

## Discussion

*Standard of Review*

When a defendant challenges subject matter jurisdiction under Fed.R.Civ.P.12(b)(1), the plaintiff must bear the burden of establishing jurisdiction.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995). Because the jurisdiction of federal courts is limited, there is a presumption against jurisdiction.  Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir.1991). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  Marcus et al v. Kan. Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).  Under Rule 12(h), lack of subject matter jurisdiction cannot be waived or cured by consent.  Zurich Ins. Co. v. Logitrans, Inc., 297 F.3d 528, 531 (6th Cir. 2002); U.S. v. Nye County, 178 F.3d 1080, 1089 n.12 (9th Cir. 1999) (party may raise subject matter jurisdiction at any point in the proceedings).

*Whether APA Confers Federal Jurisdiction on Plaintiffs' Claims*

Defendants contend that Plaintiffs cannot rely on § 702 of the APA in order to invoke

---

[3] Defendants alternatively argue that dismissal is appropriate under 12(c), which I find unnecessary to address given the disposition of the motion under Fed.R.Civ.P.12(b)(1) and 12(h).

subject matter jurisdiction in this federal court.  Section 702 provides, in relevant part, that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Section 706 provides the scope of such review. It states in relevant part, that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

Contrary to Plaintiffs' position, § 702 does not itself confer jurisdiction to review agency action.  Califano v. Sanders, 430 U.S. 99, 107 (1977) (concluding that the APA "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action").   Section 702 simply provides for judicial review of final agency action where there first exists an independent basis for subject matter jurisdiction.  Sierra Club v. Martin, 110 F.3d 1551, 1554-55, n.11 (11th Cir. 1997) (citing Califano, 430 U.S. at 104-107); Colorado Dept. of Social Services v. Department of Health and Human Services, 558 F.Supp. 337 (D.Colo.1983).  In other words, a plaintiff must present a "ticket" into federal court (i.e, a valid assertion of a basis for federal subject matter jurisdiction separate and independent from the APA) before obtaining review of an agency action.[4] Thus, the question here is whether Plaintiffs' claims for injunctive relief are based on an independent substantive statute or law which provides a legal basis conferring federal subject matter jurisdiction in this Court.  See  El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 753 (9th Cir.1991) (quoting Lujan v.

---

[4] Judicial review allowed under the APA eliminates the Government's defense of sovereign immunity.  See Doe v. U.S. Civil Serv. Commission et al., 483 F.Supp. 539, 560 and n.17 (S.D.N.Y. 1980) (citing Jaffe v. U.S., 592 F.2d 712 (3rd Cir.), cert. denied, 441 U.S. 961 (1979)).

5

National Wildlife Fed'n, 497 U.S. 871, 883 (1990)).

Plaintiffs confuse the "ticket" into federal court (subject matter jurisdiction) with what a federal court has authority to order under the APA once jurisdiction is established. The response brief offers no case law or argument which persuades this Court to ignore the vast weight of authority that supports Defendants' position.[5] Plaintiffs' insistence on the availability of review under § 702 simply glosses over the crucial, threshold requirement of subject matter jurisdiction. Plaintiffs cite cases where courts have allowed judicial review under the APA, but in those cases federal jurisdiction was based on existing federal statutes. See Pltffs' Resp. at 5 and 9 (citing Califano v Sanders, 430 U.S. at 97 (Medicare Act), Lewis v. Brinegar, 372 F.Supp. 424 (W.D.Mo. 1974) (Uniform Relocation Assistance Act) and Environmental Defense Fund, Inc. v. Corps of Engineers of U.S. Army, 492 F.2d 1123 (5th Cir. 1974) (National Environmental Protection Act); Pennsylvania Railroad Co. et al v. Dillon et al., 335 F.2d 292 (D.C.Cir. 1964),

---

[5] The requirement of an independent statutory basis other than the APA is well-established under United States Supreme Court, Courts of Appeals and District Court precedent. See Califano v. Sanders, 430 U.S. 99, 105-107 (1977); Preferred Risk Mut. Ins. Co. v. United States, 86 F.3d 789, 792 (8th Cir.1996) ("[T]he plaintiff must identify a substantive statute or regulation that the agency action had transgressed and establish that the statute or regulation applies to the United States."). Braun v. U.S. et al, 707 F.2d 922, 926 (6th Cir. 1983) (5 U.S.C. §702 did not permit an independent basis for suit for injunctive relief brought against Government by former IRS employee who alleged he was given poor performance evaluation in retaliation for his speaking out against IRS deficiencies); Werner v. United States Depart. of Interior, Fish and Wildlife, 581 F.2d 168, 171 (8th Cir. 1978) (where plaintiff's suit alleging improper disclosure of military records under the Privacy Act it is well established that the Administrative Procedure Act, 5 U.S.C. § 702, does not provide an independent basis for subject matter jurisdiction; Colorado Dept. of Social Services v. Department of Health and Human Services, 558 F.Supp. 337 (D.Colo.1983) (jurisdiction conferred by the Medicaid Act, 42 U.S.C. §§1396-1396n, and 28 U.S.C. § 1331, not by 5 U.S.C. § 702); cmp.Redman v. F.A.A., 759 F.Supp. 1384 (D.Minn.1991) (suspension of airline transport pilot certificate was not subject to collateral attack in district court where Federal Aviation Act provides that judicial review of final decisions regarding suspension or revocation lies by direct appeal exclusively in courts of appeals).

cert. denied, (Dec. 14, 1964) (discussing Merchant Marine Act of 1920 and noting that "in order to make out a claim of 'legal wrong' under [APA], appellants must assert some legally protected right to be free of the competition provided by the two vessels whose documentation they are challenging").

Even in cases where federal statutes do not provide the jurisdictional basis, federal court jurisdiction must exist separately and independently of the APA either by virtue of an alleged violation of a federal constitutional right or other "judicially enforceable right." In Kansas City Power & Light Co. et al v. McKay et al., cited by Plaintiffs in the Response Brief at 9-10, even though the court suggested that it would be willing to "find a remedy under the [APA] beyond the strict scope of judicial review," the court also stated that a plaintiff still must assert a "judicially enforceable right." 225 F.2d 924, 933 (D.C.Cir.1955), cert. denied, (Nov. 7, 1955). In other cases cited by Plaintiffs, federal jurisdiction was premised on alleged violations of various amendments to the United States Constitution. Doe v. U.S. Civil Serv. Commission et al., 483 F.Supp. 539 (S.D.N.Y. 1980) (jurisdiction based on violations of First, Fourth, Fifth and Ninth Amendments, and court stating that "invasion of a protected right constitutes a legal wrong within the meaning of [the APA]") Perry v. Delaney, 74 F.Supp.2d 824 (C.D.Ill. 1999) (allegations of violations of federal procedural due process).

To say that the facts of this case are egregious is a gross understatement. Plaintiffs allege that the allegations of alcohol abuse and convictions for alcohol related offenses are not limited to Larson, but extend to other BIA employees. According to the Second Amended Complaint, Larson's conduct of driving the BIA pickup truck on January 24, 2002 was not the first time the agency knew of and did nothing to prevent intoxicated U. S. Government employees from driving

U.S. Government vehicles.  Additionally, the Second Amended Complaint charges that BIA officials knew of employees who had DWI convictions or had their drivers license revoked, but still entrusted these individuals with government vehicles. If these allegations are true, BIA's inertia in failing to create and implement a personnel policy that would address these problems is an affront to any individual with normal sensibilities.[6]

In this lawsuit, Plaintiffs are requesting in part injunctive relief from this Court mandating that the BIA (i) adopt a permanent policy prohibiting BIA employees with drinking problems or recent DWI convictions from driving or being assigned a government vehicle, and (ii) conduct background investigations into state or tribal driving records of BIA employees.  Plaintiffs' claim for injunctive relief is a simple, common sense remedy for a potentially serious problem, yet it must fail for lack of subject matter jurisdiction.  Mere action or inaction by the BIA cannot form the basis for federal court jurisdiction.  Nor does an assertion of state criminal violations (e.g., aiding and abetting Larson's driving while intoxicated) constitute a basis for federal jurisdiction.

Defendants also argue that even if there were a basis for federal jurisdiction, dismissal is warranted because the creation and implementation of personnel policies for BIA employees is committed to agency discretion by law. Given the disposition of the present motion on the grounds that subject matter jurisdiction is lacking, I need not address this argument.

## Conclusion

While I conclude that the Judicial branch of government is without subject matter jurisdiction to grant the requested injunctive relief against the BIA, I note that neither the

---

[6] This case is not the first time that BIA's competence and integrity has been questioned and found to be deficient. See generally Cobell v. Norton, 226 F.Supp.2d (D.C.2002); vacated in part, 2003 WL 21673009 (2003).

Executive nor the Legislative branches of government are powerless to effectuate the results desired by Plaintiffs in Count IV of their Second Amended Complaint. Accordingly, although this Court is dismissing Plaintiffs' claims for injunctive relief, Plaintiffs should not be discouraged from seeking redress from the Executive or Legislative branches of the United States Government.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Claims for Injunctive Relief **(Doc. 46)** is hereby GRANTED for the above stated reasons.

_____
UNITED STATES DISTRICT JUDGE