IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES J. "JIM" BELLER, as Personal Representative of
LARRY BELLER and RITA BELLER, deceased,
and TERRY PFEIFER, as Personal Representative of
EDWARD RAMAEKERS and ALICE RAMAEKERS,
deceased,
         Plaintiffs,

  vs.                                                  No. CIV 02-1368 WPJ/LFG

The UNITED STATES OF AMERICA, and
AURENE M. MARTIN, Acting Assistant Secretary
of Indian Affairs,

         Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO RECONSIDER

THIS MATTER is before the Court on the Plaintiffs' Motion for Reconsideration of the Amended Memorandum Opinion and Order Denying the Plaintiffs' Unopposed Motion for Disclosure of Presentence Report [Doc. 165], filed herein on August 11, 2003.

Plaintiffs filed their Unopposed Motion for Disclosure of Presentence Report [Doc 131] on July 17, 2003. In that motion, Plaintiffs stated that Defendant United States acknowledged that it had a copy of the presentence report at issue and took the position that it did not object to disclosure of the report under certain conditions. Lloyd Larson, the subject of the report, was given notice of the motion. The Court entered its order denying the motion on July 23, 2003 [Doc. 139].

The Court will rule on this Motion for Reconsideration without awaiting a response from Defendant. As stated in the earlier order, although the Defendant may have possession of a copy of

Mr. Larson's presentence report, the report is not the Defendant's property to disclose or conceal as it wishes. Rather, the report is a document produced by judicial officers for use by the Court in determining the proper sentence in a criminal proceeding, and the Court has an independent duty to determine whether disclosure of the report would serve the ends of justice. The Court does not find that a response by the Government would be helpful at this point, since the Government's position on this issue was and presumably is in line with the Plaintiffs'. The Court's earlier ruling denied both parties the relief sought, on grounds that disclosure of the report under the circumstances of this case would not serve the ends of justice. Plaintiffs have produced nothing in their current motion which alters that conclusion.

## Standards for Determining a Motion to Reconsider

The Federal Rules of Civil Procedure do not recognize a motion to reconsider, and the Local Rules of this District likewise have no provision for motions to reconsider. When such a motion is filed, the Court may consider it under Fed. R. Civ. P. Rule 59(e) if it is filed within ten days of the ruling it challenges, or under Rule 60(e) if it is filed after that time period. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991),

The motion in this case was filed within the ten-day period,[1] and thus it may be considered under Rule 59(e), which allows a broader scope than Rule 60(e). Nevertheless, the question "[w]hether to grant or deny a motion for reconsideration is committed to the court's discretion." Rural Water Sys. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc., 160 F.R.D. 605, 606 (D. Kan. 1995). The court exercises that discretion under the following standards:

> A motion to reconsider is appropriate if the court has obviously

---

[1] *See*, Fed. R. Civ. P. 6(a),(e).

2

>misapprehended a party's position, the facts, or the applicable law, or
>if the party produces new evidence that could not have been obtained
>through the exercise of due diligence. An additional factor considered
>by some courts is the need to prevent manifest injustice. A motion to
>reconsider is not appropriate if the movant only wants the court to
>revisit issues already addressed or to hear new arguments or
>supporting facts that could have been presented originally. A party
>who fails to present its strongest case in the first instance is not
>entitled to a second chance in the form of a motion to reconsider.
>Improper use of the motion to reconsider 'can waste judicial resources
>and obstruct the efficient administration of justice.'

Rural Water Sys. Ins. Benefit Trust, *supra*, at 606 (internal citations omitted).

Plaintiffs acknowledge that they could have presented, in their original motion, the arguments they now raise in the motion for reconsideration. However, they add, "[c]andidly, Plaintiff Pfeifer did not convey his need for the disclosure of Mr. Larson's Pre-sentence Report with the same particularity or the gravity as he would, had the Government objected to his Motion," and they state that the motion to reconsider is now meant to "more clearly articulate" their compelling need for the disclosure they seek. [Doc.165, at 2]. Plaintiffs are essentially arguing that they would have done a better job in the original motion if they hadn't been so sure that the Court would rule in their favor.

But a party cannot use a motion to reconsider in order to get a "second bite at the apple," Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998), and "revisiting the issues already addressed . . . and advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" are inappropriate and do not warrant reconsideration. Van Skiver, *supra*, at 1243. *See also*, Servants of the Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1560, 1581 (D.N.M. 1994); Sedillos v. Amrep Southwest, Inc., No. 97-1034, slip op. at 1 (D.N.M. Jan. 27, 1998) ("In essence, the Plaintiffs request that the Court revisit its Memorandum Opinion and Order because they did not fully present their arguments against dismissal

at the first go around.  This attempt at a second bite at the apple is not a sufficient ground to grant a motion to reconsider").

## Discussion

The Court has carefully considered the motion to reconsider and applies the standards for determining such a motion, as follows:

(1)  The Court finds that Plaintiffs have supplied no new evidence that could not, with due diligence, have been presented to the Court in their first motion.

(2) The Court concludes that it neither misapprehended the facts nor misapplied the law in its prior ruling.  As previously indicated, the Court has an independent duty to determine whether disclosure of the report would serve the ends of justice.  Nothing has been presented which would compel a change in the Court's earlier ruling that the Plaintiffs' interest in this material is outweighed by the strong presumption of confidentiality of presentence reports, a presumption based on the privacy interests of defendants, the defendant's family, the victim, and others; the substantial interest of the sentencing court in obtaining all information relevant to the sentencing decision; the probability that disclosure of the report would tend to discourage the defendant and other sources from communicating information freely, thus reducing the information available to the sentencing court and adversely affecting future presentence investigations; and the government's interest in maintaining confidentiality of the identity of informants and of grand jury proceedings.

(3) Finally, the Court finds no "manifest injustice" in withholding Mr. Larson's presentence report from Plaintiffs in this case.  While the Court recognizes that there is some inequity involved in the fact that Defendants, and not Plaintiffs, have seen the report, this consideration does not override the public interest in maintaining confidentiality of presentence reports except in the most

unusual of circumstances, and the Court finds that this case does not fall within the narrow exception to that policy.

## **Order**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration of the Amended Memorandum Opinion and Order Denying the Plaintiffs' Unopposed Motion for Disclosure of Presentence Report [Doc. 165] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge