# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES J. "JIM" BELLER, as
Personal Representative of LARRY BELLER
and RITA BELLER, deceased, and TERRY
PFEIFER, as Personal Representative of
EDWARD RAMAEKERS and ALICE
RAMAEKERS, deceased,

       Plaintiffs,

v.                                                  Civil No. 02-1368 WPJ/LFJ (ACE)

UNITED STATES OF AMERICA, and
the BUREAU OF INDIAN AFFAIRS,

       Defendants.

## MEMORANDUM OPINION AND ORDER BIFURCATING CASE

THIS MATTER comes before the Court *sua sponte* and following a hearing held before the undersigned on October 9, 2003, on Plaintiff's Motion for Order that Daubert motions and Hearings are Untimely and Unnecessary, filed September 17, 2003 **(Doc. 195)**. The underlying civil action arises from a fatal "head-on" vehicular collision involving a Cadillac sedan driven by Larry Beller and occupied by Rita Beller, Edward Ramaekers and Alice Ramaekers, and a United States Government owned Dodge Dakota pickup truck driven by Lloyd Larson ("Larson").

During the course of the hearing, the Court indicated that it was considering bifurcating the liability and damages portions of the trial, in an effort to conserve judicial resources while encouraging possible settlement of the case. During a recess, counsel were given the opportunity to confer on the issue. Both Plaintiffs' counsel opposed the idea, largely because of travel concerns for relatives and friends of Larry and Rita Beller and Edward and Alice Ramaekers,

many of whom reside in the State of Nebraska.  Defense counsel supported bifurcation.

Under Fed.R.Civ.P. 42(b), the Court has broad discretion in deciding whether to sever issues for trial.  Eastridge Development Co. v. Halpert Assoc., Inc., 853 F.2d 772, 781 (10th Cir. 1988).  A district court will look at whether separate trials will further the parties' convenience, avoid delay and prejudice, or be conducive to the expedition of litigation and judicial economy.  A movant need prove only one of Rule 42(b)'s three conditions for a court to order a separate trial. Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc., 707 F. Supp. 1429 (D. Del. 1989). However, bifurcation under Rule 42(b) should not be ordered routinely unless it is clearly necessary.  See Marshall v. Overhead Door Co., 131 F.R.D. 94 (E.D. Pa. 1990).  "The piecemeal trial of separate issues in a single lawsuit ... is not the usual course."  Wright & Miller, Federal Practice and Procedure: Civil 2d § 2388 at p. 474.  A single trial usually serves to lessen delay, expense and inconvenience to parties and the court.

While I recognize the potential inconvenience to the family members and friends of the Bellers and the Raemakers in having two trials, I find that bifurcating liability issues from damage issues and proceeding to trial first on all claims and issues relating to liability would be conducive to the expedition of litigation and judicial economy.

IT IS THEREFORE ORDERED that trial in the above captioned case is hereby bifurcated with trial on the issues and claims concerning liability to proceed as scheduled on February 2, 2004.

IT IS FURTHER ORDERED that Plaintiffs shall respond to Defendants' Daubert Motions concerning expert witness Genevieve Ames within the time agreed upon by counsel and announced at the October 9, 2003 hearing.   Unless this Court orders otherwise, counsel for

Plaintiffs are not required to respond to Defendants' Daubert Motions concerning expert witnesses Brian McDonald and Dwight Grant until 60 days before the commencement of the second trial on damages, assuming such a second trial occurs.

    IT IS FURTHER ORDERED that all other previously established deadlines shall remain in effect.

_____
UNITED STATES DISTRICT JUDGE