IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES J. "JIM" BELLER, as
Personal Representative of LARRY BELLER
and RITA BELLER, deceased, and TERRY
PFEIFER, as Personal Representative of
EDWARD RAMAEKERS and ALICE
RAMAEKERS, deceased,

       Plaintiffs,

v.                                                                                          Civil No. 02-1368 WPJ/LFJ (ACE)

UNITED STATES OF AMERICA, and
the BUREAU OF INDIAN AFFAIRS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff Terry Pfeifer's Objections to Magistrate Judge Garcia's Order Denying Plaintiffs' Motion to Reopen Discovery for Depositions of Lucy Apache and Bernice Apache, filed November 6, 2003 **(Doc. 305)**. Judge Garcia denied Plaintiff Pfeifer's request to reopen discovery in order to take the depositions of both individuals. (Doc. 303) ("Mag. Judge Order").

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

Plaintiff's request to take the additional depositions was based on the Government's reliance on these individuals' affidavits in support of its motion for partial summary judgment

(scope of employment motion). Based on various discovery documents, Judge Garcia found that the Government had adequately identified these two individuals as witnesses on whose testimony the Government would rely in support of their defenses. Judge Garcia also pointed out that while Plaintiffs were working within a twenty deposition limit set by the Court, at no time did Plaintiffs request permission to expand that number. Mag. Judge Order at 3.

The Court is cognizant that the federal rules provide a litigant with the opportunity for review of a magistrate judge's discovery order. But, as stated above, the review is not *de novo* but instead must be overturned only if "clearly erroneous or contrary to law." Judge Garcia's Order considered the various ways Plaintiff Pfeifer should have been alerted to the need to take these depositions, but opted not to do so. Based on the above findings made by Judge Garcia, I find that the Order denying Plaintiff Pfeifer's motion for an order to reopen discovery for the depositions of Lucy Apache and Bernice Apache was neither clearly erroneous nor contrary to law.  Therefore, Plaintiff's objections to the Magistrate Judge's Order **(Doc. 305)** are overruled.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

2