IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES J. "JIM" BELLER, as
Personal Representative of LARRY BELLER
and RITA BELLER, deceased, and TERRY
PFEIFER, as Personal Representative of
EDWARD RAMAEKERS and ALICE
RAMAEKERS, deceased,

       Plaintiffs,

v.                                             Civil No. 02-1368 WPJ/LFJ (ACE)

UNITED STATES OF AMERICA, and
the BUREAU OF INDIAN AFFAIRS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff Pfeifer's Motion to Strike Cumulative Expert Witness Designation, filed September 30, 2003 (**Doc. 225**). Defendants intend to offer David Johnson, a certified public accountant, and George Rhodes, Ph.D., an economist, as expert witnesses in the area of damages. Plaintiff contends that since both individuals will testify regarding the same valuation of damages in this case, allowing both to testify at trial would be unnecessarily burdensome, time consuming and confusing, and that the Court should require Defendants to strike one of the experts.

The admission or exclusion of evidence rests within the sound discretion of the trial court. Pacific Employers Ins. Co. v. P.B. Hoidale Co., Inc., 782 F.Supp. 564 (D.Kan.,1992). Defendants assures the Court that while the information contained in the two reports overlap in some areas, each expert will testify to different categories of damages. Referring to a chart on page five in their

response brief, Defendants explain that only David Johnson, if called as a witness, will testify about economic losses such as lost earnings and household services, and only George Rhodes would testify regarding aggravating circumstances damages and hedonic damages.  Because Plaintiff has claimed several types of damages, it is not unlikely that certain portions in these experts' reports would overlap.  Plaintiff argues that he will be put in a position of "guessing" about which expert will testify about which areas of damages under 20 days prior to trial, when parties are required to exchange witness lists and file them with the Court. This is not a situation where Plaintiff is deluged with a number of experts, all of whose testimony will be repetitive. Thus, I am not convinced that the identification of two experts who may testify in the same areas is necessarily cumulative.[1]  See Green Constr. Co. v. Kan. Power & Light Co.,1 F.3d 1005, 1014 (10th Cir.1993) (court has discretion to limit number of experts, "provided the witnesses are not excluded arbitrarily, or on the basis of mere numbers").  Any prejudice to Plaintiff, and any confusion he may be experiencing at this point, is most likely due to the fact that he has chosen not to depose either Mr. Johnson or Dr. Rhodes, rather than to Defendants' identification of both these experts, even if they were both to testify on the same category of damages.

At this point, Plaintiff has not shown a valid reason for his contention that allowing both David Johnson and George Rhodes to testify would prejudice him. Particularly given that Defendants have compartmentalized each expert's areas of testimony, there is little chance of confusion, prejudice to Plaintiff, or of a waste of time or resources. See Pacific Employers Ins. Co.

---

[1] My review of these reports as attached to Plaintiff's motion, Exs. A and B, reveals that the information contained in both these reports are not identical. For example, Dr. Rhodes opines that there are no net losses of household services, while Mr. Johnson states ranges of losses for Plaintiff from approximately $46,000.00 to $129,000.00.  See Ex. A, Bates No. 4938, and Ex. B, Bates No. 5017.

v. P.B. Hoidale Co., Inc., 782 F.Supp. 564 (D.Kan.,1992) (motion to limit witnesses denied absent showing that expert testimony was needlessly cumulative or unfairly prejudicial). Therefore, I will not require Defendants to strike one of these experts. See Nalder v. West Park Hosp.,254 F.3d 1168 (10th Cir. 2001) (motion to strike expert witnesses denied where plaintiff's amended expert designations contained little or no actual overlap of the experts' proffered testimony).  The Court may revisit the issue on counsel's motion or *sua sponte* should it become apparent at trial that the testimony of one or the other expert witness is approaching repetition. See, e.g., Wetherill v. University of Chicago, 565 F.Supp. 1553, 1566 (D.C.Ill.,1983) (court restricted party to one expert for each area of testimony in order to avoid repetitive testimony).

    **THEREFORE,**

    **IT IS ORDERED** that Plaintiff Pfeifer's Motion to Strike Cumulative Expert Witness Designation **(Doc. 225)**, is hereby DENIED.

                                                                UNITED STATES DISTRICT JUDGE