IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES J. "JIM" BELLER, as
Personal Representative of LARRY BELLER
and RITA BELLER, deceased, and TERRY
PFEIFER, as Personal Representative of
EDWARD RAMAEKERS and ALICE
RAMAEKERS, deceased,

      Plaintiffs,

v.                                                                                            Civil No. 02-1368 WPJ/LFJ (ACE)

UNITED STATES OF AMERICA, and
the BUREAU OF INDIAN AFFAIRS,

      Defendants.

### MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE

THIS MATTER comes before the Court upon Defendants' Motion for Order to Show Cause Why Plaintiff Pfeifer's Counsel Should Not be Held in Contempt, filed November 7, 2003 **(Doc. 311)**, and Defendant's Motion for Stay of Compliance with the Court's October 24, 2003 Order Pending Disposition of Defendant's Motion for Order to Show Cause, filed November 7, 2003 **(Doc. 312)**. The underlying civil action arises from a fatal "head-on" vehicular collision involving a Cadillac sedan driven by Larry Beller and occupied by Rita Beller, Edward Ramaekers and Alice Ramaekers, and a United States Government owned Dodge Dakota pickup truck driven by Lloyd Larson ("Larson"), who was employed at the time by the Bureau of Indian Affairs ("BIA").

**I.    Motion for Order to Show Cause**

The Complaint in this case includes allegations against the BIA for failure to adequately supervise and monitor employees such as Larson, who have alcohol abuse problems and are

nevertheless allowed to operate Government-owned vehicles. See, e.g., Second Amended Compl.,¶¶121-133. Production of documents in this document-heavy case has been governed by a Stipulated Protective Order entered by the Court on March 18, 2003 ("Protective Order," (Doc. 42)). The Order requires that documents marked as "Confidential" be redacted or sealed before being filed with the Court, and prohibits public disclosure of any of the discovery material "without further Order of the Court or authorization of the Defendants." Protective Order at 3. Defendants contend that Plaintiff Pfeifer's counsel ("Plaintiff's counsel") publicly filed documents which contain private information about non-parties which Defendant had expressly designated as confidential under the Protective Order. Defendants also contend that counsel orchestrated media coverage of this material. Defendants urge the Court to issue an Order to Plaintiff's counsel to show cause why they should not be held in contempt, and also order that they comply with the "letter and spirit of the Protective Order. . . ." There is no question but that Plaintiff's counsel indeed filed certain documents which were designated as "Confidential" by Defendants and covered under the Protective Order. However, Plaintiff's counsel maintains that the error was inadvertent, and also maintains that they had no role in instigating the media coverage.

A court is justified in holding a party in civil contempt for failure to comply with an order of the court when: (1) the court's order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has failed to make reasonably diligent efforts to comply. New York State Nat'l Organization for Women v. Terry, 886 F.2d 1339, 1351 (2d Cir.1989); see also United States v. Professional Air Traffic Controllers Organization, 703 F.2d 443, 445(10th Cir. 1983) ("In civil contempt cases, the proof of contempt must be clear and convincing").

Sanctions for civil contempt may only be employed for either or both of two distinct

2

remedial purposes: "(1) to compel or coerce obedience to a court order . . .; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance[.]" O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992); see also International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827 (1994) (sanctions for civil contempt resulting from actions occurring outside the courtroom are designed to compel future compliance with a court order). In an ordinary civil proceeding, sanctions may be imposed upon notice and an opportunity to be heard, and proof beyond a reasonable doubt and a jury trial are not necessary. Id. Thus, to prevail in a civil contempt proceeding, the movant has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the contemnor had knowledge of the order, and that the contemnor disobeyed the order.

Plaintiff's counsel concedes that on October 14, 2003, they inadvertently publicly filed several exhibits which Defendants had marked as "Confidential" with their response to Defendants' Motion for Summary Judgment on Plaintiff's Respondeat Superior Claim (Doc. 248).[1] Plaintiff's counsel also explains that they had nothing to do with either engineering the media coverage by Alexis Del Cid, a reporter from KOB-Channel 4. Ms. Cid stated in an affidavit that Plaintiff's counsel never alerted her about information filed in the case, and at her request, provided her only with the pleadings on two of the publicly filed motions: Plaintiff's Motion for Obstruction of Justice, and the response to the Government's Motion on aggravating circumstances. Ms. Cid also stated that not only did she not receive any of the attached exhibits to those motions, but she has

---

[1] These were Exhibits W, Y, Z, AA, BB, EE, GG, HH, KK, MM and N. These exhibits concerned Larson and other non-parties. None of these were videotaped depositions, which had been the subject of a separate motion by Plaintiffs challenging their designation as "Confidential," and by Defendants requesting a protective order for these taped depositions. Defendants include discussion of Court Orders regarding this videotaped depositions, which are unrelated to the exhibits which are the subject of the instant motion.

3

never reviewed any of the exhibits before her story was aired on October 16 and 17, 2003, through the signing of her affidavit on November 12, 2003. Ex. C. The reporter also explained that any information she used in her aired report was received from Plaintiff Pfeifer himself, whom Ms. Cid personally contacted and asked for his comments.[2]

    The explanation by Plaintiff's counsel regarding how confidential documents were publicly filed seems plausible enough: counsel had prepared a Declaration to which she intended to attach all the confidential exhibits to be filed under seal, which later was edited to include additional confidential documents. The original, unedited Declaration was filed by mistake, so that the additional confidential documents were not removed from the stack before being filed with the Court. Defendants notified Plaintiff's counsel of the error on November 5, 2003, when Defendants were first preparing the present motion. Plaintiff's counsel corrected the error by filing an Emergency Motion to Seal Exhibits Mistakenly Filed in the Public File, one week later (Doc. 324).[3] What may not be as plausible is how numerous other documents marked as "Confidential" also found their way to the public court docket. In their Reply,[4] Defendants state that they are aware that these other documents were filed on October 9, 2003, as part of Plaintiff Pfeifer's Response to Defendants' motion on aggravating circumstances. See Doc. 241. What may be inadvertent error one time is too much of a stretch to blindly accept as an explanation the second

---

   [2] The report evidently alluded to the BIA's abusive practices in allowing rampant alcohol abuse among BIA workers and supervisors. Plaintiffs point out that BIA's problems have been freely discussed by witnesses who have been deposed throughout this case. However, they maintain that this evidence was discovered through investigation "entirely independent of discovery. . . ." Resp. at 6.

   [3] Plaintiff's counsel describes their response to the error as "immediate." Response at 4. However, as noted, the "emergency" motion was not filed until seven days later.

   [4] The Reply was filed under court seal. The same day the Reply was filed, Defendants filed an emergency motion for an order to seal confidential documents publicly filed by Plaintiff Pfeifer, i.e., those documents filed on October 9, 2003. See Docs. 350, 351.

time around, particularly given the nature and substance of the documents. Further, the Court is not completely convinced that Ms. Cid's interest in obtaining particular pleadings related to this case were not prompted by Plaintiff's counsel. Plaintiff's counsel did suggest that Ms. Cid could obtain copies of these pleadings from the Clerk's Office. For a time, these pleadings contained documents which should have been sealed.

"A district court has broad discretion to use its contempt power to require adherence to court orders." United States v. Riewe, 676 F.2d 418, 421 (10th Cir. 1982).[5] The parties in this case are bound to comply with this Court's Orders, including the Protective Order which governs the filing of sensitive exhibits. Plaintiff's counsel's repeated failure to do so, whether intentional or not, bears further inquiry. Therefore, a hearing will be set in the matter, in which Plaintiff's counsel are ordered to show cause why they should not be held in contempt for violating this Court's Protective Order.

## II.     Motion for Stay of Compliance with the Court's October 24, 2003 Order

On October 24, 2003, Chief Magistrate Judge Garcia granted Plaintiff Pfiefer's Motions to Compel Defendant to disclose unredacted copies of survey spreadsheets, data and Communications about BIA Driving Policy. Doc. 279. This information contains Privacy Act protected information regarding non-parties. Judge Garcia stated in his Order that "Plaintiffs are

---

[5] Plaintiff presents a "good faith" defense to Defendant's motion, citing to Landmark v. E.P.A., 272 F.Supp. 70, 78 (D.D.C. 2003) (citing Cobell v. Babbitt, 37 F.Supp 2d 6, 10 (D.D.C. 1999)). However, as Landmark states, good faith will not avoid contempt, although "putting forth a good effort unaccompanied by substantial compliance may be relevant to appropriate sanctions." See McComb v. Jacksonville Paper, 336 U.S. 187, 191 (1949) ("Assertions of good faith efforts to comply are irrelevant . . . It is well established that intent is not an issue in civil contempt proceedings"); Goya Foods, Inc. v. Wallack Management Co., 290 F.3d 63 (1st Cir. 2002). To prove a "good faith" defense, the contemnor bears the burden of proving that it "took all reasonable steps within [its] power to comply with the courts order." Id. The defense has two distinct components: (1) a good faith effort to comply with the court order at issue; and (2) substantial compliance with that court order.

5

entitled to this information and may use it in further investigation, so long as it remains confidential under the terms of the protective order in this case." I am sympathetic to Defendants' request for a stay of this Order pending disposition of the present motion dealing with Plaintiff's repeated mis-filings of confidential material. Therefore, the stay shall be granted.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Order to Show Cause Why Plaintiff Pfeifer's Counsel Should Not be Held in Contempt **(Doc. 311)** is hereby GRANTED in that the matter regarding the Order to Show Cause is hereby set for a hearing on January 14, 2004, at 9:00 a.m., before the Honorable William P. Johnson, at the U.S. District Courthouse, 333 Lomas Blvd. N.W., Bonito Courtroom–5th Floor, Albuquerque, New Mexico;[6]

**IT IS FURTHER ORDERED** that Defendant's Motion for Stay of Compliance with the Court's October 24, 2003 Order Pending Disposition of Defendants' Motion for Order to Show Cause **(Doc. 312)** is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Inquiries regarding this notice should be directed to Richard Garcia, Courtroom Deputy to Judge William P. Johnson, at (505) 348-2333.

6